IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYDAARAI FOBBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-2583-TWT-CCH |
| | : | |
| SUNTRUST MORTGAGE and BANCFINANCIAL, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 29th day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYDAARAI FOBBS, | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2583-TWT-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUNTRUST MORTGAGE and | : | |
| BANCFINANCIAL, | : | **FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff, proceeding *pro se*, filed the above-captioned action on August 18, 2010. In the Complaint, Plaintiff alleges that on December 21, 2005 she obtained a loan in the amount of $227,897.00 from BancFinancial for the purchase of a home in Lithonia, Georgia. She then proceeds to makes conclusory claims that, in connection with that loan and its servicing, Defendant[1] violated provisions of various federal statutes, including the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, and the Truth in Lending Act ("TILA"), 14 U.S.C. §§ 1601 *et seq.*, including 12 C.F.R. § 226.1 *et seq.* ("Regulation Z").[2]

---

[1] Plaintiff only served the Complaint on SunTrust Mortgage. In its Motion to Dismiss [7] SunTrust Mortgage has identified itself as SunTrust Mortgage Inc, d/b/a BancFinancial.

[2] The Board of Governors of the Federal Reserve System issued Regulation Z to implement TILA and other statutes. 12 C.F.R. § 226.1(a).

At the outset of Plaintiff's Complaint she notes: "predatory lending", "accounting practices" and "misrepresentation," but provides no facts or clue as to the meaning of those references. She then claims, without specification, that "[a]ll closing documents were note [sic] not given to the Plaintiff before closing . . . as per TILA" and alleges that "[t]his loan should be rescinded as per TILA 15 U.S.C.(b)." Under the heading "Statement of Claim" she alleges, again in a conclusory fashion, that: "The Plaintiff has been violated by the Defendants deliberate failure to give them all. The necessary disclosures and by excessive fee charged during the closing and Servicing Of this loan [sic]." She then asserts: "Defendant's failure to give all material disclosures to the Plaintiff's has cause them Harm in that they could not make informed decisions [sic]." Plaintiff fails to allege what disclosures were required and were not made and what fees were excessive.

The action is before the Court on the Motion to Dismiss [7] filed by Defendant SunTrust Mortgage, Inc. d/b/a BankFinancial. As of this date, Plaintiff has failed to file any response to the Motion to Dismiss and has otherwise failed to indicate any opposition to the motion. For that reason alone, the Court could grant the Motion to Dismiss. *See* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). In deference to Plaintiff's *pro se* status, however, the undersigned has considered Plaintiff's claims, and, for the reasons discussed below,

2

**RECOMMENDS** that Defendants' Motion to Dismiss [7] be **GRANTED** and that all of Plaintiff's claims be **DISMISSED**.

**I.     DISCUSSION**

   A.     Standard on a Motion to Dismiss

Defendants have moved to dismiss all of the claims asserted in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.  They argue that Plaintiff has failed to state a claim under any theory of relief presented in the Complaint.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

But, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949(quoting *Twombly*, 550 U.S. at 570). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Further, the court need not accept as true legal conclusions recited in a complaint. *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

The complaint of a plaintiff proceeding *pro se*, however, is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the Court still "need not accept as true legal conclusions or unwarranted factual inferences" in *pro se* complaints. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006). Nothing in the leniency accorded a *pro se* filing, therefore, excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002).

4

### B.  Plaintiff's Complaint Fails to State a Plausible Cause of Action

Plaintiff's complaint is, in the main, a string of conclusions without factual support consisting largely of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal* at 1949.  By itself, that should require dismissal of this action. But, giving Plaintiff the benefit of a very liberal construction of her Complaint, the Court can construct conclusory claims for damages and recession under TILA.  For the reasons discussed below, those TILA claims must be dismissed as a matter of law, leaving no plausible claims for relief. Accordingly,  it is **RECOMMENDED** that the Complaint should be **DISMISSED** for failure to meet the *Twombly* plausibility standard. *See Gardner v. Countrywide*, Civil Action No. 1:10-CV-2529-TWT (N.D.Ga October 21, 2010) (in which Judge Thrash dismissed a form complaint which was identical to the form complaint in this action, except for names and numbers, as implausible even after it was amended to include additional allegations).

### C. Plaintiff's TILA Claims.

As discussed above, Plaintiff alleges in the Complaint that on December 21, 2005 she obtained a loan from BankFinancial in the amount of $227,897.00 to purchase her home. Construing Plaintiff's Complaint liberally in an effort to give it meaning, she has asserted claims under TILA against Defendant based on its alleged

5

failure to make certain alleged material disclosures to her at the time she obtained her residential mortgage loan.

Pursuant to 15 U.S.C. § 1640(e), a debtor must bring a claim for statutory damages under TILA within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated. *Smith v. American Fin. Sys.*, 737 F.2d 1549, 1552 (11th Cir. 1984) (citing *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973). Nondisclosure is not a continuing violation for purposes of the statute of limitations. *Id.*

Although the allegations in Plaintiff's Complaint reflect that she obtained a residential mortgage loan from BancFinancial on December 21, 2005, she did not file the Complaint asserting a claim against Defendants for alleged violations of TILA until August 18, 2010, more than four years after the closing date of the transaction. Because the one-year statute of limitations under TILA runs from the consummation of the loan transaction, and not from the date that Plaintiff allegedly became aware of any violation, the Plaintiff's claim for damages under TILA is barred by the statute of limitations. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claim for damages under TILA be **DISMISSED**.

In addition to seeking damages under TILA, Plaintiff also appears to seek rescission of the mortgage loan and other equitable relief. While TILA allows a consumer to rescind a consumer credit transaction under limited circumstances, it specifically provides that a "residential mortgage transaction," as defined by Section 1602(w), is non-rescindable. *See* 15 U.S.C. § 1635(e)(1); *see also* 12 C.F.R. §§ 226.15(f), 226.23(f), 226.32(a)(2)(ii) (sections of Regulation Z excluding residential mortgage loans from the rescission right). Section 1602(w) of TILA defines a "residential mortgage transaction" as a "transaction in which a mortgage ... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

According to the allegations in Plaintiff's Complaint, the mortgage at issue in this case was a residential mortgage transaction. Accordingly, based on those allegations, the loan was not subject to rescission under TILA because it is a residential mortgage transaction expressly excluded from the rescission provision. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claim for rescission under TILA be **DISMISSED**.

## II.     RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [3] be **GRANTED**.  When a complaint fails to state a claim for relief a district court may grant a plaintiff leave to amend.  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).  Such leave, however, need not be granted when any amendment would be futile.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, the Court finds that any amendment to the Complaint would be futile, and therefore **RECOMMENDS** that all of Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned.  Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 29th day of March, 2011.

```
_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE
```

8